IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON MCPHERSON, :
:
    Petitioner :
:
    v. : CIVIL NO. 4:CV-15-519
:
BRIAN COLEMAN, : (Judge Brann)
:
    Respondent :

# MEMORANDUM

May 15, 2015

## Background

Brandon McPherson, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Fayette Superintendent Brian Coleman. The required filing fee has been paid. Service of the Petition has not yet been ordered.

According to the Petition, McPherson was convicted of criminal attempt to commit homicide, criminal conspiracy to commit homicide, aggravated assault criminal conspiracy to commit aggravated assault, and recklessly endangering another person (two counts) on November 14, 2008 following a jury trial in the Court of Common Pleas of Lancaster County, Pennsylvania. See Doc. 2, p. 1. He

was sentenced on February 23, 2009 to a twenty-five (25) to sixty (60) year term of imprisonment. See id. Petitioner's pending action asserts that he is entitled to federal habeas corpus relief on the basis that he received ineffective assistance of counsel due to a failure to request a corrupt source jury instruction.

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is presently confined at SCI-Fayette which is located within the confines of the United States District Court for the Western District of Pennsylvania. McPherson is attacking the legality of a conviction which occurred in the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District

of Pennsylvania.  See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application."  Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A district court may transfer a habeas petition pursuant to § 1404(a).  See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District of Pennsylvania.  An appropriate Order will enter.

                BY THE COURT:

                   s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge